# EXHIBIT 1

EXHIBIT 1
Page 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STANLEY BLACK & DECKER, INC.; and DOES 1-100.

JUN 27 2013 PM 3:40

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID HORN, individually and on behalf of himself\herself and on behalf of others similarly situated.

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA<br><br>330 WEST BROADWAY, SAN DIEGO, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br><br>37-2013-00055192-CU-OE-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THOMAS D. RUTLEDGE, 3555 5TH AVE., STE. 201, SAN DIEGO, CA 92103 619-886-7224

| DATE:<br>*(Fecha)* JUN 28, 2013 | Clerk, by<br>*(Secretario)* L. Pineda | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.

EXHIBIT 1<br>Page 2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| THOMAS D. RUTLEDGE  (SBN 2...97)<br>3555 FIFTH AVE., SUITE 201<br>SAN DIEGO, CA 92103<br>TELEPHONE NO.: 619-886-7224    FAX NO.: 619-259-5455<br>ATTORNEY FOR (Name): PLAINTIFF | JUN 27 2013 PM 3:41 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 WEST BROADWAY
MAILING ADDRESS:
CITY AND ZIP CODE: SAN DIEGO, CA 92101
BRANCH NAME: CENTRAL

CASE NAME:
David Horn v. Stanley Black & Decker, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2013-00055192-CU-OE-CTL<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (*not specified above*) (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (*check all that apply*): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (*specify*): 9
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: 6-27-2013

THOMAS D. RUTLEDGE
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |
|---|---|---|

EXHIBIT 1<br>Page 3

Thomas D. Rutledge (SBN 200497)
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone:  (619) 886-7224
Facsimile:    (619) 259-5455

Attorneys for Plaintiff DAVID HORN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

DAVID HORN, an individual,
individually and on behalf of himself
and on behalf of others similarly
situated,

          Plaintiffs,

vs.

STANLEY BLACK & DECKER INC.,
a Connecticut corporation, and DOES 1
through 50 inclusive

          Defendants.

Case No.   37-2013-00055192-CU-OE-CTL

**INDIVIDUAL AND CLASS ACTION
COMPLAINT FOR:**

1. **Failure to Provide Compensable
   Drive Time;**
2. **Failure to Pay State Overtime Wages;**
3. **Failure to Pay State Minimum
   Wages;**
4. **Failure to Provide Meal periods;**
5. **Failure to Provide Rest periods;**
6. **Failure to Make Payments Within the
   Required Time;**
7. **Failure to Provide Accurate Itemized
   Wage Statements;**
8. **Remedies Under Private Attorney
   General Act (PAGA California Labor
   Code §§ 2698, 2699, *et seq.*); and**
9. **Unfair Business Practices in Violation
   of Cal. Bus. & Prof. Code §§ 17000, *et
   seq*. and §§ 17200, *et seq*.**

**<u>DEMAND FOR JURY TRIAL</u>**

- 1 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 4

1     Plaintiff DAVID HORN ("Plaintiff HORN" or "Plaintiff"), on behalf of

2 himself and acting for the interests of other current and former employees

3 ("Represented Employees"), and all other similarly situated individuals (cumulatively

4 "Plaintiffs") alleges the following:

5                  **NATURE OF THE ACTION**

6     1.     Pursuant to Code of Civil Procedure § 382 and Labor Code Private

7 Attorney General Act ("PAGA"), §§ 2698, 2699 of the California Labor Code,

8 Plaintiff brings this action against Defendants for wage and hour abuses in violation

9 of the California Labor Code and the Industrial Welfare Commission Wage Orders

10 (the "IWC Wage Orders"), all of which contribute to Defendant's deliberate unfair

11 competition.

12     2.     Plaintiff, on behalf of himself and all Class Members, brings this action

13 seeking reimbursement, penalties, restitution, injunctive and other equitable relief,

14 reasonable attorneys' fees, and costs.

15     3.     The monetary damages and restitution sought by Plaintiff will be

16 established according to proof at trial. Upon information and belief, the claims of

17 individual class members, including Plaintiff, are under the $75,000 jurisdictional

18 threshold for federal court. For example, a class member who was or has been

19 employed for a relatively brief period could never reasonably be expected to receive

20 a recovery of $75,000 or more. Upon information and belief, the total damages for

21 the entire case are not anticipated to exceed $5,000,000. Further, there is no federal

22 question at issue, as all the issues related to payment wages alleged herein are based

23 solely on California law and statutes, including the Labor Code, Civil Code, Code of

24 Civil Procedure, and Business and Professions Code. Finally, the claims are brought

25 only on behalf of California workers.

26               **JURISDICTION AND VENUE**

27     4.     Pursuant to Article VI, § 10 of the California Constitution, subject

28 matter jurisdiction is proper in the Superior Court of California, County of San

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 2 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 5

1  Diego, State of California because Plaintiffs allege claims arising under California

2  law.

3       5.     This Court has jurisdiction over the Defendants because each is an

4  association, corporation, business entity, or individual that in fact conducts

5  substantial business in the State of California, County of San Diego.

6       6.     Pursuant to § 395 of the California Code of Civil Procedure, venue is

7  proper in the Superior Court of California for the County of San Diego because this

8  is where Plaintiff was employed and this is where the wrongful misconduct alleged

9  herein occurred.

10                              **THE PARTIES**

11      7.     Plaintiff DAVID HORN is an individual, residing in the County of San

12 Diego, California.

13      8.     Defendant STANLEY BLACK & DECKER, INC. (hereinafter,

14 "Defendant" or "B&D" or "DEFENDANT EMPLOYER") is a Connecticut

15 corporation, doing business in the State of California and in the County of San

16 Diego, California.

17      9.     The true names and capacities, whether individual, corporate, associate

18 or otherwise of the Defendants named herein as DOES 1 through 50, are unknown to

19 Plaintiff at this time.  Plaintiff therefore sues said Defendants by such fictitious

20 names pursuant to § 474 of the California Code of Civil Procedure.  Plaintiff will

21 seek leave to amend this Complaint to allege the true names and capacities of DOES

22 1 through 50 when their names are ascertained.  Plaintiff is informed and believes,

23 and based thereon alleges, that each of the DOE Defendants is in some manner liable

24 to Plaintiff for the events and actions alleged herein.  Unless otherwise specified by

25 name, Defendants B&D, and DOES 1 through 50, will be collectively referred to as

26 "DEFENDANT EMPLOYER."

27      10.    All named Defendants and DOES 1 through 50 will be collectively

28 referred to as "Defendants."

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 3 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 6

11.     Plaintiff is informed and believes, and based thereon alleges, that at all times, each Defendant was acting as an agent, joint venturer, integrated enterprise and/or alter ego for each of the other Defendants and each were co-conspirators with respect to the acts and the wrongful conduct alleged herein so that each is responsible for the acts of the other in connection with the conspiracy and in proximate connection with the other Defendants.

12.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant was acting partly within and partly without the scope and course of their employment, and was acting with the knowledge, permission, consent, and ratification of every other Defendant.

## GENERAL ALLEGATIONS

13.     Defendant B&D is a publicly traded company in the New York Stock Exchange and is involved in the manufacturing, maintenance, and distribution of a variety of household appliances and industrial tools.

14.     Defendant B&D failed or refused to pay its employees for all time worked and for all wages earned.

15.     For more than four years before filing this Complaint, until on or about March 13, 2013, Plaintiff HORN worked for Defendant B&D as a "Field Technician."

16.     Plaintiff was a nonexempt employee and was paid hourly.

17.     During his employment, Plaintiff drove a company-supplied vehicle (a small truck) to and from work and whose duties included, but were not limited to installing STANLEY BLACK & DECKER doors and related parts (e.g., door jams, door stops, frames, etc.) throughout the greater San Diego community.

18.     Plaintiff worked in San Diego County with more than ten Field Technicians, whose jobs were the same as the Plaintiff.

19.     Plaintiff normally left directly from home for his work assignments, predetermined by DEFENDANT EMPLOYER the day before, using a company

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 239-5455

- 4 -

CLASS ACTION COMPLAINT

EXHIBIT 1
Page 7

1   provided truck.

2        20.   Plaintiff sometimes reported to an office where he would receive his

3   route and work assignments, but most times he left directly from home to a

4   customer's worksite.

5        21.   Beyond a normal commute, DEFENDANT EMPLOYER's required its

6   employees to travel several hours at the start of the day to get to a job site and to

7   drive an equal distance home in the evenings.

8        22.   From at least four years before the filing of this action and continuing to

9   the present, and pursuant to company policy and/or practice and/or direction, Plaintiff

10  and other hourly employees were forced to drive small company trucks to

11  predetermined work locations from home and return to home from such locations

12  during which time they were prohibited from taking passengers, required to wear

13  company uniforms (a black t-shirt with the company name) while driving the

14  vehicles, prohibited from running personal errands, prohibited from hauling personal

15  non-work related gear, required to proceed directly from home to work and back

16  without making unauthorized detours or stops, required to monitor their cell phone

17  (provided by employer) by keeping it on and answering calls, among other

18  restrictions, making driving a company vehicle "labor" within the meaning of

19  California law.  (*Rutti v. LoJack, Corp., Inc.*, 596 F.3d 1046 (9th Cir. 2010); *Rutti v.*

20  *LoJack, Corp., Inc.*, 2010 WL 1137044, Cal.App. 2 Dist., Mar. 26, 2010.)

21       23.   From at least four years before the filing of this action and continuing to

22  the present, and pursuant to company policy and/or practice and/or direction,

23  Defendants required its employees to subtract the first and last 30 minutes from their

24  timesheets when driving directly from home or returning directly from an offsite

25  worksite.

26       24.   In an effort to exercise control over its drivers, Defendant installed GPS

27  monitoring devices to track the location of the company vehicles.

28       25.   From at least four years before the filing of this action and continuing to

Thomas D. Rutledge
Attorney-at-Law
1355 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 5 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 8

1  the present, and pursuant to company policy and/or practice and/or direction, Plaintiff

2  and other hourly employees were deprived of their mandatory meal and rest periods

3  and were not paid premium pay despite marking on their timesheets that such

4  employees did not take a meal during the workday.

5      26.     From at least four years before the filing of this action and continuing to

6  the present, and pursuant to company policy and/or practice and/or direction,

7  Plaintiff and others did not receive their final paychecks immediately upon

8  involuntary termination or within 72 hours of voluntary separation, were not paid

9  final wages at the location of employment, and said final paychecks did not include

10  all wages due to the employee.

11      27.     Pursuant to this policy, Plaintiff worked more than 40 hours a week.

12      28.     Plaintiff was not paid time and a half for all of the overtime hours he

13  worked and was not provided all of his rest periods.

14      29.     When Plaintiff terminated his employment, DEFENDANT EMPLOYER

15  failed to provide Plaintiff all his unpaid wages in his final paycheck or in a timely

16  manner.

17      30.     To date, DEFENDANT EMPLOYER has not paid Plaintiff all of his

18  wages due and payable to him, in an amount to be proven at trial.

19      31.     Plaintiff has a wage complaint (Case Number: 10 81094-ES) pending

20  before the California Department of Labor Standards Enforcement (DLSE ) for

21  unpaid meal and rest periods going back to only March 22, 2010.

22      32.     For purposes of this action, Plaintiff specifically carves out his wage

23  claim with DLSE, but pursues all of his legal remedies available to him going back

24  four years from the date this action is filed.

25      **REPRESENTATIVE ACTION (PAGA) CLAIMS**

26      33.     Plaintiff further alleges he and, on information and belief, Represented

27  Employees, did not receive all wages due at the time their employment ended with

28  DEFENDANT EMPLOYER.

Thomas D. Rutledge
Attorney-at-Law
1555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 6 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 9

34. On information and belief, current and former employees of DEFENDANT EMPLOYER were subject to wage and hour violations by DEFENDANT EMPLOYER, including failing to be paid for all wages due.

35. California law provides that employee may file an action against an employer for penalties in connection with violations of the Labor Code and Wage Orders provided the aggrieved employee file an action on behalf of him or herself and similarly-situated current and former employees.

36. At all material times, DEFENDANT EMPLOYER and DOES 1 through 50 were and/or are Represented Employees' employers or persons acting on behalf of Represented Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

37. As set forth in further detail below, as a result of the analysis and investigation of the Plaintiff's claims, Plaintiff's attorneys sent letters to the California Labor and Workforce Development Agency (hereinafter referred to as "LWDA") and to DEFENDANT EMPLOYER informing DEFENDANT EMPLOYER of their claims and their intent to pursue litigation.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

38. As to penalty claims under the Labor Code Private Attorney General Act, by the time Plaintiff files Plaintiff's First Amended Complaint, Plaintiff will have exhausted his or her administrative remedies by filing the LWDA letter.

39. The 33 day statutory period for Plaintiff will have thus expired and the LWDA will have not served Plaintiff with a notice of intent to assume jurisdiction over the applicable penalty claims and did not provide notice as set forth in Labor Code § 2699.3 (a)(2)(A) within the 33 day statutory period.

40. Therefore, Plaintiff will have exhausted Plaintiff's administrative

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 7 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 10

1   remedy to the penalty claims.

2       41.    The Causes of Action alleged herein are appropriately suited for a

3   Representative Action under PAGA (Labor Code § 2698, *et seq.*) because:

4               a.    This action involves allegations of violations of

5       provisions of the California Labor Code that provide for a civil

6       penalty to be assessed and collected by the LWDA or any

7       departments, divisions, commissions, boards, agencies or employees;

8               b.    Plaintiff is an "aggrieved employee" because Plaintiff

9       was employed by the alleged violator and had one or more of the

10      alleged violations committed against them; and

11              c.    Plaintiff will have satisfied the procedural requirements

12      of Labor Code § 2699.3, as set forth above.

13                      **CLASS ACTION ALLEGATIONS**

14      42.    Plaintiff brings this action on behalf of him or herself and all others

15  similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure.

16      43.    Plaintiff seeks to represent a class composed of and defined as follows:

17      **"All persons who are employed by or have been employed as a Field**

18      **Technician or who hold or held the position Field Technician (hereinafter**

19      **referred to as "Class Members") by Defendant in the State of California**

20      **from four years before the filing of this suit to the present."**

21      44.    Plaintiff reserves the right under the California Rules of Court, to amend

22  or modify the class description with greater specificity or further division into

23  subclasses or limitation to particular issues.

24      45.    This action has been brought and may properly be maintained as a Class

25  Action under the provisions of § 382 of the Code of Civil Procedure because there is

26  a well-defined community of interest in the litigation and the proposed Class is easily

27  ascertainable.

28

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 8 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 11

**A.     Numerosity**

46.    The potential members of the Class as defined are so numerous or many, that joinder of all the members of the Class is impracticable.

47.    While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes, and on that basis alleges, that DEFENDANT EMPLOYER currently employs, and during the relevant time periods employed, over 100 Class Members.

48.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially.

**B.     Commonality**

49.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members.

50.    Common questions of law and fact include, without limitation and subject to possible further amendment, the following:

(a) Whether Defendants' policy or practice of not paying Plaintiff and putative class members overtime compensation for the hours they worked over 40 in a workweek or eight hours in a day is illegal under Labor Code §§ 510, 1194, and Wage Order No. 4-2001 § 3(A);

(b) Whether Defendants' policy of not compensating its employees for missed meal periods violates §§ 226.7, 512, and Wage Order No. 4-2001 § 11(A);

(c) Whether Defendants' policy of not compensating its employees for missed rest periods violates §§ 226.7 and Wage Order No. 4-2001 § 12;

(d) Whether Defendants' policy or practice of not paying hourly employees all of their wages due in their final paychecks immediately upon involuntary termination or when 72 hours

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 9 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 12

1  notice was provided before voluntary resignation, is

2  unlawful under Labor Code §§ 201, 202 and/or 203;

3  (e) Whether Defendants violated the minimum wage provisions

4  under the California Labor Code by not paying Plaintiff and

5  the Class for all hours worked;

6  (f) Whether Defendants violated Labor Code §§ 226 by not

7  providing accurate pay stubs; and

8  (g) Whether Plaintiff and the members of the Class are entitled

9  to remedies pursuant to Business & Professions Code §§

10  17200, *et seq.*;

11  **C.**  **Typicality**

12  51.  Plaintiff's claims are typical of the claims of the Class because Plaintiff

13  and all members of the Class sustained injuries and damages arising out of and

14  caused by Defendants' common course of conduct and policies in violation of laws,

15  regulations that have the force and effect of law and statutes as alleged herein.

16  **D.**  **Adequacy of Representation**

17  52.  Plaintiff is a member of the Class, does not have any conflicts of interest

18  with other Class Members, and will prosecute the case vigorously on behalf of the

19  Class.

20  53.  Counsel representing Plaintiff and the putative Class is competent and

21  experienced in litigating employment class actions, including wage and overtime

22  class actions.

23  54.  Plaintiff will fairly and adequately represent and protect the interests of

24  the Class Members.

25  **E.**  **Superiority of Class Action**

26  55.  A class action is superior to other available means for the fair and

27  efficient adjudication of this controversy because individual joinder of all Class

28  Members is not practicable, and questions of law and fact common to the Class

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 10 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 13

1   predominate over any questions affecting only individual members of the Class.

2        56.    Each Class Member has been damaged or suffered injury and is entitled

3   to recovery by reason of Defendants' illegal policies and/or practices.

4        57.    Class Action treatment will allow those similarly situated persons to

5   litigate their claims in the manner that is most efficient and economical for the parties

6   and the judicial system.

7        58.    Plaintiff is unaware of any difficulties that are likely to be encountered

8   in the management of this action that would preclude maintenance as a Class Action.

9        59.    For the reasons alleged in this Complaint, this action should be certified

10   as a Class Action.

11   **FIRST CAUSE OF ACTION**

12   **Individual and Representative Claim for**

13   **Failure to Pay Compensable Driving Time in Violation of**

14   **California Labor Code §§ 510, 1194, and 2699, *et seq.***

15   (Against DEFENDANT EMPLOYER and Does 1-50)

16        60.    Plaintiff re-alleges and incorporates by reference the foregoing

17   allegations as though set forth herein.

18        61.    From at least four years before the filing of this action and continuing to

19   the present, and pursuant to company policy and/or practice and/or direction, Plaintiff

20   and other hourly employees were forced to drive company cars to predetermined

21   work locations from home and return to home from such locations during which time

22   they were prohibited from taking passengers, were required to wear company

23   uniforms (a black t-shirt with the company name) while driving the vehicles, were

24   prohibited from running personal errands, were prohibited from hauling personal

25   non-work related gear, required to proceed directly from home to work and back

26   without making unauthorized detours or stops, were required to monitor their cell

27   phone (provided by employer) by keeping it on and answering calls, among other

28   restrictions, making driving a company vehicle "labor" within the meaning of

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 11 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 14

1  California law. (*Rutti v. LoJack, Corp., Inc.*, 596 F.3d 1046 (9th Cir. 2010); *Rutti v.*
2  *LoJack, Corp., Inc.*, 2010 WL 1137044, Cal.App. 2 Dist., Mar. 26, 2010.)

3      62.    From at least four years before the filing of this action and continuing to
4  the present, and pursuant to company policy and/or practice and/or direction,
5  Defendants required its employees to subtract the first and last 30 minutes from their
6  timesheets when driving directly from home or returning directly from an offsite
7  worksite.

8      63.    In an effort to exercise control over its drivers, Defendant installed GPS
9  monitoring devices to track the location of the company vehicles.

10     64.    At all material times, DEFENDANT EMPLOYER and DOES 1 through
11  50 were and/or are Represented Employees' employers or persons acting on behalf of
12  Represented Employees' employer, within the meaning of California Labor Code §
13  558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the
14  California Labor Code or any provision regulating hours and days of work in any
15  Order of the Industrial Welfare Commission and, as such, are subject to penalties for
16  each underpaid employee as set for in Labor Code § 558.

17     65.    In committing the violations of state law as herein alleged, Defendants
18  have knowingly and willfully refused to perform their obligations to compensate
19  Represented Employees for all wages earned and all hours worked.  As a direct
20  result, Represented Employees have suffered and continue to suffer, substantial
21  losses related to the use and enjoyment of such compensation, wages, lost interest on
22  such monies and expenses and attorney's fees in seeking to compel Defendants to full
23  perform their obligation under state law, all to their respective damage in amounts
24  according to proof at trial and within the jurisdictional limitations of this Court.

25     66.    Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them,
26  a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay
27  period for the initial violation and two hundred ($200.00) for each aggrieved
28  employee per pay period for each subsequent violation in which DEFENDANT

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 12 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 15

1  EMPLOYER violated Labor Code §§ 510 at 1194. The exact amount of the
2  applicable penalty is all in an amount to be shown according to proof at trial.

3      67.    Additionally, pursuant to Labor Code § 2699, Plaintiffs seek to recover
4  from Defendants, and each of them, penalties, attorney's fees and costs incurred
5  herein.

6      68.    Pursuant to Labor Code §§ 510 at 1194, Plaintiff and all other members
7  of the Class are entitled to wages for the time spent driving from home to job
8  assignments, excluding DEFENDANT EMPLOYER'S worksite, and returning from
9  job assignments to home while using DEFENDANT EMPLOYER'S vehicle.

10     69.    Based on the misconduct alleged in this Complaint, Plaintiff and
11 similarly situated members of the Class have suffered damages in an amount to be
12 proven at trial to the extent they were not paid at least minimum wage for all hours
13 worked and any corresponding overtime pay as required by law.

14     70.    Plaintiff requests the unpaid wages, waiting time penalties, interest,
15 attorneys' fees, costs, liquidated damages, and any other remedies allowed by law in
16 an amount to be proven at trial.

17              **SECOND CAUSE OF ACTION**
18           **Individual and Representative Claim for**
19    **Failure to Pay Overtime & Double-time Compensation in**
20  **Violation of California Labor Code §§ 510, 1194, 2699,** *et seq.* **and**
21              **Wage Order No. 4-2001 § 3(A)**
22         (Against DEFENDANT EMPLOYER and Does 1-50)

23     71.    Plaintiff re-alleges and incorporates by reference the foregoing
24 allegations as though set forth herein.

25     72.    California law requires an employer to pay each employee accurately. If
26 hourly, the employer is required to compensate the employee for the actual hours
27 worked. (*See* Cal. Labor Code §§ 200, 226.)

28     73.    For each hour (or fraction thereof) an employee works up to forty (40)

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 13 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 16

1 hours in a week and eight (8) hours in a day, the employer must pay the employee's

2 regular hourly wage. For each hour (or fraction thereof) an employee works over

3 forty (40) hours in a week or in excess of eight (8) hours in a workday the employer

4 must pay the rate of one and a half times the employee's regular hourly wage.

5      74.    For each hour (or fraction thereof) an employee works in excess of

6 twelve (12) hour in one day or in excess of eight (8) hours a day on the seventh

7 consecutive day of work, the employee must be compensated at the rate of no less

8 than twice the regular rate of pay for that employee.

9      75.    As alleged in this Complaint, Plaintiff and the Class worked countless

10 hours for which they were not properly compensated because of Defendants'

11 willfully unlawful policies regarding the time keeping and compensation for regular

12 and overtime hours worked.

13      76.    Defendants required Plaintiffs to work more than eight (8) hours a day

14 and/or forty (40) hours a week.

15      77.    At all material times, DEFENDANT EMPLOYER and DOES 1 through

16 50 were and/or are Represented Employees' employers or persons acting on behalf of

17 Represented Employees' employer, within the meaning of California Labor Code §

18 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the

19 California Labor Code or any provision regulating hours and days of work in any

20 Order of the Industrial Welfare Commission and, as such, are subject to penalties for

21 each underpaid employee as set for in Labor Code § 558.

22      78.    In committing the violations of state law as herein alleged, Defendants

23 have knowingly and willfully refused to perform their obligations to compensate

24 Represented Employees for all wages earned and all hours worked. As a direct

25 result, Represented Employees have suffered and continue to suffer, substantial

26 losses related to the use and enjoyment of such compensation, wages, lost interest on

27 such monies and expenses and attorney's fees in seeking to compel Defendants to full

28 perform their obligation under state law, all to their respective damage in amounts

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 14 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 17

1 according to proof at trial and within the jurisdictional limitations of this Court.

2      79.    Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them,

3 a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay

4 period for the initial violation and two hundred ($200.00) for each aggrieved

5 employee per pay period for each subsequent violation in which DEFENDANT

6 EMPLOYER violated Labor Code §§ 510 at 1194. The exact amount of the

7 applicable penalty is all in an amount to be shown according to proof at trial.

8      80.    Additionally, pursuant to Labor Code § 2699, Plaintiffs seek to recover

9 from Defendants, and each of them, penalties, attorney's fees and costs incurred

10 herein.

11      81.    Plaintiffs and Class members are entitled to recover the full amount of

12 their unpaid regular, overtime, and double overtime wages, interest, applicable

13 penalties, including but not limited to penalties under California Labor Code §§ 203,

14 210, 226.3, 558, 2698, and 2699, *et. seq.*, and attorneys' fees and costs in an amount

15 to be determined at trial.

16 

**THIRD CAUSE OF ACTION**

17 **Individual and Representative Claim for**

18 **Failure to Pay Minimum Wages in Violation of**

19 **California Labor Code §§ 1182.12, 1194,**

20 **1194.2, 1197, 2699, *et seq.* and Wage Order No. 4-2001 § 3(A)**

21 (Against DEFENDANT EMPLOYER and Does 1-50)

22      82.    Plaintiff re-alleges and incorporates by reference the foregoing

23 allegations as though set forth herein.

24      83.    Pursuant to Labor Code §§ 1182.12, 1194, 1194.2, and 1197 it is

25 unlawful for a California employer to suffer or permit an employee to work without

26 paying wages for all hours worked, as required by the applicable Industrial Welfare

27 Commission ("IWC") Wage Order.

28      84.    During all times relevant, IWC Wage Order No. 4-2001, governing the

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 15 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 18

1  "Professional, Technical, Clerical, Mechanical and Similar Occupations" industry,

2  applied to Plaintiff and the Class members' employment with Defendants.

3      85.    Pursuant to Wage Order 4, § 2(K), "hours worked" include the time

4  during which an employee is "suffered or permitted to work, whether or not required

5  to do so."

6      86.    IWC Wage Order No. 4-2001, § 4 (A), require every employer to pay

7  each employee $8.00 per hour effective January 1, 2008 to the present time.

8      87.    During all times relevant, Class Members including Plaintiff, have not

9  been paid minimum wages for all hours suffered or permitted to work in violation of

10 the minimum wage provisions of California Labor Code §§ 1182.12, 1194, 1194.2,

11 and 1197, and IWC Wage Order No. 4-2001, § 4 (A).

12     88.    Labor Code § 1194.2, subdivision (a) provides that, in an action to

13 recover wages because of the payment of a wage less than the minimum wage fixed

14 by IWC Wage Orders, an employee is entitled to recover liquidated damages in an

15 amount equal to the wages unlawfully unpaid and interest thereon.

16     89.    At all material times, DEFENDANT EMPLOYER and DOES 1 through

17 50 were and/or are Represented Employees' employers or persons acting on behalf of

18 Represented Employees' employer, within the meaning of California Labor Code §

19 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the

20 California Labor Code or any provision regulating hours and days of work in any

21 Order of the Industrial Welfare Commission and, as such, are subject to penalties for

22 each underpaid employee as set for in Labor Code § 558.

23     90.    In committing the violations of state law as herein alleged, Defendants

24 have knowingly and willfully refused to perform their obligations to compensate

25 Represented Employees for all wages earned and all hours worked.  As a direct

26 result, Represented Employees have suffered and continue to suffer, substantial

27 losses related to the use and enjoyment of such compensation, wages, lost interest on

28 such monies and expenses and attorney's fees in seeking to compel Defendants to full

Thomas D. Rutledge
Attorney-at-Law
1555 Fifth Avenue, Suite 201
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 16 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 19

1  perform their obligation under state law, all to their respective damage in amounts

2  according to proof at trial and within the jurisdictional limitations of this Court.

3        91.    Labor Code § 2699, *et seq*. imposes upon Defendants, and each of them,

4  a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay

5  period for the initial violation and two hundred ($200.00) for each aggrieved

6  employee per pay period for each subsequent violation in which DEFENDANT

7  EMPLOYER violated Labor Code §§ 1182.12, 1194 1194.2, and 1197. The exact

8  amount of the applicable penalty is all in an amount to be shown according to proof

9  at trial.

10       92.    Additionally, pursuant to Labor Code § 2699, Plaintiffs seek to  recover

11 from Defendants, and each of them, penalties, attorney's fees and costs incurred

12 herein.

13       93.    Class Members including Plaintiff should have received minimum

14 wages in a sum according to proof during all times relevant to this action.

15       94.    Defendants have intentionally failed and refused, and continues to fail

16 and refuse, to pay Class Members including Plaintiff minimum wages for all time

17 suffered or permitted to work including training time.

18       95.    Plaintiff on behalf of himself and the Class request the recovery of the

19 unpaid minimum, waiting time penalties, liquidated damages, interest, attorneys'

20 fees, and costs in an amount to be determined at trial.

21 **FOURTH CAUSE OF ACTION**

22 **Individual and Representative Claim for**

23 **Failure to Provide Meal Periods**

24 **California Labor Code §§ 226.7, 512, 2699, *et seq*. and**

25 **Wage Order No. 4-2001 § 11(A)**

26 (Against DEFENDANT EMPLOYER and Does 1-50)

27       96.    Plaintiff re-alleges and incorporates by reference the foregoing

28 allegations as though set forth herein.

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 17 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 20

97.   No employer shall employ any person for a work period of more than 5 continuous hours without providing their employee a meal period of not less than 30 minutes. (Wage Order No. 4-2001, § 11(A).)

98.   If an employer fails to provide an employee with a proper meal period, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.  (Labor Code § 512 and Wage Order No. 4-2001 § 11.)

99.   An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second 30-minute meal period.  (Labor Code § 512 and Wage Order No. 4-2001 § 11.)

100.   During all times relevant to this action, Defendants failed to comply with § 11 of IWC Order 4-2001, by failing to provide required meal periods to California Class Members including the Plaintiff.

101.   Defendants intentionally failed to provide California Class Members with meal periods and meal premium wages as a result of its policy that fails to comply with California law.

102.   At all material times, DEFENDANT EMPLOYER and DOES 1 through 50 were and/or are Represented Employees' employers or persons acting on behalf of Represented Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

103.   In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate Represented Employees for all wages earned and all hours worked.  As a direct result, Represented Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 18 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 21

1  such monies and expenses and attorney's fees in seeking to compel Defendants to full

2  perform their obligation under state law, all to their respective damage in amounts

3  according to proof at trial and within the jurisdictional limitations of this Court.

4      104.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them,

5  a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay

6  period for the initial violation and two hundred ($200.00) for each aggrieved

7  employee per pay period for each subsequent violation in which DEFENDANT

8  EMPLOYER violated Labor Code §§ 1182.12, 1194 1194.2, and 1197. The exact

9  amount of the applicable penalty is all in an amount to be shown according to proof

10  at trial.

11      105.   Defendants further violated these IWC orders, and violated Labor Code

12  § 512, by failing to pay each of its employees who was not provided with a meal

13  period as required under these orders, an additional one hour of compensation at each

14  employee's regular rate of pay for each day that Defendant failed to provide the

15  employee with the required meal period. This compensation, in a sum to be proven at

16  trial, is owed and unpaid.

17      106.   Additionally, pursuant to Labor Code § 2699, Plaintiff seeks to recover

18  from Defendants, and each of them, penalties, attorney's fees and costs incurred

19  herein.

20      107.   Plaintiffs on behalf of themselves and the California Class seek to

21  recover unpaid meal wages, waiting time penalties, interest, reasonable attorneys'

22  fees, and costs in an amount to be determined at trial.

23              **FIFTH CAUSE OF ACTION**

24          **Failure to Provide Mandated Rest Periods**

25     **Violation of Labor Code §§ 206.5, 226.7, 1198, and 2699,** *et seq.*

26      **and Industrial Welfare Commission Wage Order § 12**

27         (Against DEFENDANT EMPLOYER and Does 1-50)

28      108.   Plaintiff re-alleges and incorporates by reference the foregoing

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 19 -

CLASS ACTION COMPLAINT

EXHIBIT 1
Page 22

1   allegations as though set forth herein.

2        109.  Labor Code § 226.7 requires employers, including DEFENDANT

3   EMPLOYER, to provide to its non-exempt employees rest periods as mandated by

4   Order of the Industrial Welfare Commission.

5        110.  By Order of the Industrial Welfare Commission, every employer shall

6   authorize and permit all employees to take rest periods, which insofar as practicable

7   shall be in the middle of each work period.  (Wage Order No. 4-2001 § 12.)

8        111.  The authorized rest period shall be based on the total hours worked daily

9   at the rate of ten (10) minutes rest time per four (4) hours or major fraction thereof.

10  (Wage Order No. 4-2001 § 12.)

11       112.  Authorized rest period time shall be counted, as hours worked, for which

12  there shall be no deduction from wages as provided in IWC Wage Order § 12.  (Wage

13  Order No. 4-2001 § 12.)

14      113.  DEFENDANT EMPLOYER violated Labor Code § 226.7 and the IWC

15  Order when it failed to provide all rest periods to Represented Employees, including

16  Plaintiff, during the time period each Represented Employee worked for

17  DEFENDANT EMPLOYER.

18      114.  Pursuant to Labor Code § 226.7(b) and Wage Order § 12(B) defendant

19  employer shall pay employees one additional hour of pay at the employee's regular

20  rate of compensation for each day that the rest period is not provided.

21      115.  As a result of DEFENDANT EMPLOYER's failure to pay an additional

22  hour of pay for each day a rest period was not provided, Represented Employees

23  suffered and continue to suffer a loss of wages and compensation, all in an amount to

24  be shown according to proof at trial and within the jurisdictional limitations of this

25  Court.

26      116.  At all material times, DEFENDANT EMPLOYER and DOES 1 through

27  50 were and/or are Represented Employees' employers or persons acting on behalf of

28  Represented Employees' employer, within the meaning of California Labor Code §

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 20 -

CLASS ACTION COMPLAINT

EXHIBIT 1
Page 23

1  558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the

2  California Labor Code or any provision regulating hours and days of work in any

3  Order of the Industrial Welfare Commission and, as such, are subject to penalties for

4  each underpaid employee as set for in Labor Code § 558.

5       117.   In committing the violations of state law as herein alleged, Defendants

6  have knowingly and willfully refused to perform their obligations to compensate

7  Represented Employees for all wages earned and all hours worked.  As a direct

8  result, Represented Employees have suffered and continue to suffer, substantial

9  losses related to the use and enjoyment of such compensation, wages, lost interest on

10  such monies and expenses and attorney's fees in seeking to compel Defendants to full

11  perform their obligation under state law, all to their respective damage in amounts

12  according to proof at trial and within the jurisdictional limitations of this Court.

13       118.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them,

14  a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay

15  period for the initial violation and two hundred ($200.00) for each aggrieved

16  employee per pay period for each subsequent violation in which DEFENDANT

17  EMPLOYER violated Labor Code §§ 206.5, 226.7 and 1198.  The exact amount of

18  the applicable penalty is all in an amount to be shown according to proof at trial.

19       119.   Additionally, pursuant to Labor Code § 2699, Plaintiffs seek to  recover

20  from Defendants, and each of them, penalties, attorney's fees and costs incurred

21  herein.

22       120.   Represented Employees, including Plaintiffs, seek to recover interest on

23  all due and unpaid wages pursuant to Labor Code § 218.6.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 21 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 24

## SIXTH CAUSE OF ACTION

### Individual and Representative Claim for

### Failure to Pay Timely Earned Wages During Employment and

### Upon Separation of Employment in Violation of

### California Labor Code §§ 201, 202, 203, 204, 218.5, 218.6, and 2699, *et seq.*

### (Against DEFENDANT EMPLOYER and Does 1-50)

121. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

122. Pursuant to Labor Code § 201, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

123. Pursuant to Labor Code § 202, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

124. Labor Code § 203 provides, in pertinent part: "If an employer willfully fails to pay, without abatement or reduction, ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. ..."

125. Pursuant to Labor Code § 204, "all wages ... earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

126. Pursuant to Labor Code §§ 218.5 and 218.6, an action may be brought for the nonpayment of wages and fringe benefits.

127. Plaintiff and the Class were not properly paid pursuant to the requirements of Labor Code §§ 201, 202, and 204 and thereby seeks the unpaid

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 22 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 25

1   wages.  To date, for example, Defendants have not paid Plaintiff all earned wages.

2       128.   Plaintiff is informed and believes and based thereon alleges that

3   Defendants willfully failed to pay Plaintiff's wages pursuant to the requirements of

4   Labor Code §§ 201, 202, and 204, after Plaintiff's demand, and therefore Plaintiff

5   and the Class are entitled the associated unpaid wages and waiting time penalties.

6       129.   Plaintiff is informed and believe and based thereon alleges that

7   Defendants did this with the intent to secure for himself, herself and itself a discount

8   on its indebtedness and/or with intent to annoy harass, oppress, hinder, delay and/or

9   defraud Plaintiff.

10      130.   At all material times, DEFENDANT EMPLOYER and DOES 1 through

11  50 were and/or are Represented Employees' employers or persons acting on behalf of

12  Represented Employees' employer, within the meaning of California Labor Code §

13  558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the

14  California Labor Code or any provision regulating hours and days of work in any

15  Order of the Industrial Welfare Commission and, as such, are subject to penalties for

16  each underpaid employee as set for in Labor Code § 558.

17      131.   In committing the violations of state law as herein alleged, Defendants

18  have knowingly and willfully refused to perform their obligations to compensate

19  Represented Employees for all wages earned and all hours worked.  As a direct

20  result, Represented Employees have suffered and continue to suffer, substantial

21  losses related to the use and enjoyment of such compensation, wages, lost interest on

22  such monies and expenses and attorney's fees in seeking to compel Defendants to full

23  perform their obligation under state law, all to their respective damage in amounts

24  according to proof at trial and within the jurisdictional limitations of this Court.

25      132.   Labor Code § 2699, *et seq*. imposes upon Defendants, and each of them,

26  a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay

27  period for the initial violation and two hundred ($200.00) for each aggrieved

28  employee per pay period for each subsequent violation in which DEFENDANT

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 23 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 26

1  EMPLOYER violated Labor Code §§ 201, 202, 203, and 204.  The exact amount of

2  the applicable penalty is all in an amount to be shown according to proof at trial.

3      133.   Plaintiff and the Class have been deprived of their rightfully earned

4  wages as a direct and proximate result of Defendants' failure and refusal to pay said

5  compensation and for the reasons alleged in this Complaint.

6      134.   Plaintiff requests the unpaid wages, waiting time penalties, interest,

7  attorneys' fees, costs, damages, and other remedies in an amount to be proven at trial.

8                    **SEVENTH CAUSE OF ACTION**

9              **Individual and Representative Claim for**

10         **Penalties for Violations of California Labor**

11             **Code § 226 and 2699, *et seq.* for**

12         **Failure to Provide Accurate Wage Statements**

13         (Against DEFENDANT EMPLOYER and Does 1-50)

14      135.   Plaintiff re-alleges and incorporates by reference the foregoing

15  allegations as though set forth herein.

16      136.   Plaintiff alleges that Labor Code § 226 subdivision (a) requires, in

17  pertinent part, that "Every employer shall, semimonthly or at the time of each

18  payment of wages, furnish each of his or her employees, either as a detachable part of

19  the check, draft, or voucher paying the employee's wages, or separately when wages

20  are paid by personal check or cash, an accurate itemized statement in writing

21  showing (1) gross wages earned, (2) total hours worked by the employee, except for

22  any employee whose compensation is solely based on a salary and who is exempt

23  from payment of overtime under subdivision (a) of § 515 or any applicable order of

24  the Industrial Welfare Commission, (3) the number of piece-rate units earned and any

25  applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions,

26  provided that all deductions made on written orders of the employee may be

27  aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of

28  the period for which the employee is paid, (7) the name of the employee and his or

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 24 -

CLASS ACTION COMPLAINT

EXHIBIT 1
Page 27

1   her social security number, except that by January 1, 2008, only the last four digits of

2   his or her social security number or an employee identification number other than a

3   social security number may be shown on the itemized statement, (8) the name and

4   address of the legal entity that is the employer, and (9) all applicable hourly rates in

5   effect during the pay period and the corresponding number of hours worked at each

6   hourly rate by the employee. . ."  (Labor Code § 226 subdivision (a.).)

7       137.   Upon information and belief, during all times relevant to this action,

8   DEFENDANT EMPLOYER'S employees, including Plaintiff, never received any

9   wage statement with all of the required information set forth under Labor Code § 226

10  from Defendants and Plaintiff and the Class suffered damages from not receiving

11  wage statements.

12      138.   Plaintiff alleges that on numerous occasions, an exact amount by which

13  will be proven at trial, Defendants violated various provisions of § 226, including but

14  not limited to subdivisions (a)(1), (a)(2), (a)(4), (a)(5), (a)(6), (a)(7), (a)(8), and (a)(9)

15  by failing to provide Plaintiff and the Class accurate itemized statement in writing

16  accurately showing (1) gross wages earned, (2) total hours worked by the employee,

17  and (3) net wages earned, among other things.

18      139.   At all material times, DEFENDANT EMPLOYER and DOES 1 through

19  50 were and/or are Represented Employees' employers or persons acting on behalf of

20  Represented Employees' employer, within the meaning of California Labor Code §

21  558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the

22  California Labor Code or any provision regulating hours and days of work in any

23  Order of the Industrial Welfare Commission and, as such, are subject to penalties for

24  each underpaid employee as set for in Labor Code § 558.

25      140.   In committing the violations of state law as herein alleged, Defendants

26  have knowingly and willfully refused to perform their obligations to compensate

27  Represented Employees for all wages earned and all hours worked.  As a direct

28  result, Represented Employees have suffered and continue to suffer, substantial

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 25 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 28

1  losses related to the use and enjoyment of such compensation, wages, lost interest on

2  such monies and expenses and attorney's fees in seeking to compel Defendants to full

3  perform their obligation under state law, all to their respective damage in amounts

4  according to proof at trial and within the jurisdictional limitations of this Court.

5      141.  Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them,

6  a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay

7  period for the initial violation and two hundred ($200.00) for each aggrieved

8  employee per pay period for each subsequent violation in which DEFENDANT

9  EMPLOYER violated Labor Code § 226.  The exact amount of the applicable penalty

10  is all in an amount to be shown according to proof at trial.

11      142.  For Defendants' misconduct as alleged in this Complaint, Plaintiff and

12  the Class seek damages, penalties, costs and attorneys' fees pursuant to Labor Code §

13  226 subdivision (e) in an amount to be proven at trial.

14      143.  For Defendants' misconduct as alleged herein, Plaintiff and the Class

15  seek injunctive relief and attorneys' fees and costs pursuant to § 226 subdivision (g)

16  in an amount to be proven at trial.

17                  **EIGHTH CAUSE OF ACTION**

18          **Individual and Representative Claim for Penalties and Wage**

19      **Under California Labor Code §§ 2698, 2699, *et seq.* for Violations of**

20      **California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 558,**

21          **1174, 1182.12, 1194, 1194.2, 1197, and 1198**

22          (Against DEFENDANT EMPLOYER and Does 1-100)

23      144.  Plaintiff re-alleges and incorporates by reference the foregoing

24  allegations as though set forth herein.

25      145.  Pursuant to Labor Code § 2699, any provision of the Labor Code that

26  provides for a civil penalty to be assessed and collected by the LWDA or any of its

27  departments, divisions, commissions, boards, agencies or employees for violation of

28  the code may, as an alternative, be recovered through a civil action brought by an

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 26 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 29

1  aggrieved employee on behalf of himself or herself and other current or former

2  employees pursuant to the procedures specified in Labor Code § 2699.3.

3      146.   Plaintiff is an "aggrieved employee" because Plaintiff was employed by

4  the alleged violator and had one or more of the alleged violations committed against

5  Plaintiff, and therefore is properly suited to represent the interests of other current

6  and former Represented Employees.

7      147.   As a result of the acts alleged above, Plaintiff seeks penalties under

8  Labor Code §§ 2698 and 2699 because of Defendants' violation of numerous

9  provisions of the California Labor Code as alleged in this Complaint.

10     148.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them,

11 penalties for violating Labor Code §§ 201, 203, 204, 226, 226.7, 510, 512, 558,

12 1182.12, 1174, 1194, 1194.2, 1197, and 1198.

13     149.   Labor Code § 558 establishes a civil penalty as follows: Any employer

14 or other person acting on behalf of an employer who violates, or causes to be

15 violated, a section of this chapter or any provision regulating hours and days of work

16 in any order of the Industrial Welfare Commission (including the "Hours and Days of

17 Work" section of the Wage Order) shall be subject to a civil penalty of (1) for any

18 initial violation, fifty dollars ($50) for each underpaid employee for each pay period

19 for which the employee  was underpaid in addition to an amount sufficient to recover

20 underpaid wages; (2) for each subsequent violation, one hundred dollars ($100) for

21 each underpaid employee for each pay period for which the employee was underpaid

22 in addition to an amount sufficient to recover underpaid wages; and (3) wages

23 recovered pursuant to this section shall be paid to the affected employee.

24     150.   Plaintiff seeks penalties for Defendants' conduct as alleged herein as

25 permitted by law.  Specifically, Plaintiff seeks penalties under Labor Code § 2699,

26 for the following:

27              a.  For the violations of Labor Code §§ 510,  1194, 1198 for

28                  failing to pay Plaintiff overtime compensation for

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 27 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 30

overtime hours worked, as alleged in this Complaint;

b. For the violations of Labor Code §§ 1194, 1197, and 1198 for failing to provide minimum wages as alleged in this Complaint;

c. For violations of Labor Code §§ 206.5, 226.7, 512, and 1198 for failing to provide meal and rest periods as alleged in this Complaint;

d. For violations of Labor Code §§ 201, 202, 203, and 204 for failing to provide wages and benefits as alleged in this Complaint;

e. For the violation of Labor Code §§ 226, 226.3, 1174, 1198 for failing to provide accurate wage statements and not maintaining proper records as alleged in this Complaint.

151. Pursuant to Labor Code § 2698, *et seq.*, Plaintiff seeks to recover attorney's fees, costs, civil penalties, and wages on behalf of herself and other current and former Represented Employees as alleged herein in an amount to be shown according to proof at trial and within the jurisdictional limits of this Court.

## NINTH CAUSE OF ACTION

### Individual Claim for Remedies for Violations

### of the California Unfair Business

### Practices Code §§ 17200, *et seq.*

(Against DEFENDANT EMPLOYER and Does 1-50)

152. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

153. Defendants, and each of them, are "persons" as defined under Business and Professions Code § 17021.

154. Plaintiff is informed and believes and based thereon alleges that Defendants committed the unfair business practices, as defined by Cal. Bus. & Prof.

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 28 -

CLASS ACTION COMPLAINT

EXHIBIT 1
Page 31

1   Code § 17200, *et seq.*, by violating the laws alleged to have been violated in this

2   Complaint and which allegations are incorporated herein by reference and which

3   allegations include, but are not limited to:

4          a.   Failing to provide Plaintiff an accurate itemized wage

5              statement in violation of § 226 of the Labor Code, and

6          b.   Failing to pay Plaintiff all wages due and owing including

7              minimum, overtime, and meal and rest period wages.

8       155.   Defendants' conduct, as alleged above, constitutes unlawful, unfair, and

9   fraudulent activity prohibited by Business and Professions Code §§ 17200, *et seq.*

10       156.   The unlawful and unfair business practices conducted by Defendants,

11   and each of them, are ongoing and present a threat and likelihood of continuing

12   against Plaintiff and, accordingly, Plaintiff seeks injunctive relief in the form of an

13   order by the court requiring Defendants to issue Plaintiff accurate payroll records.

14       157.   Plaintiff has suffered injury in fact and lost money or property as a result

15   of the aforementioned unfair competition.

16       158.   As a result of their improper acts, Defendants, and each of them, have

17   reaped and continue to reap unfair benefits and illegal profits at the expense of

18   Plaintiff and other employees and former employees of Defendants, and each of

19   them.

20       159.   Defendants, and each of them, should be enjoined from this activity and

21   made to disgorge these ill-gotten gains and restore to Plaintiff the wrongfully

22   withheld wages and/or penalties, pursuant to Business and Professions Code §§

23   17202 and/or 17203.

24       160.   Plaintiff have also incurred and continue to incur attorneys' fees and

25   legal expenses in an amount according to proof at the time of trial and for which they

26   seek compensation pursuant to law including but not limited to Code of Civil

27   Procedure § 1021.5.

28

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 29 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 32

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. An order that this action may proceed and be maintained as a class action;

2. for appointment of the Plaintiff as the representative of the Class;

3. for appointment of counsel for Plaintiff as Class Counsel;

4. That the Court find that Defendants' violations as described above are found to have been willful;

5. That the Court award to Plaintiff and/or the Class and/or Represented Employees damages for the amount of unpaid wages subject to proof at trial;

6. For payment of state minimum wages and overtime compensation to Plaintiff and/or the Class and/or Represented Employees in an amount subject to proof at trial;

7. That Defendants, and each of them, be ordered and enjoined to pay restitution to Plaintiff and/or the Class and/or Represented Employees pursuant to Business and Professions Code §§ 17200-05;

8. That Defendants, and each of them, be required to issue to Plaintiff and/or the Class and/or Represented Employees accurate wage and earning statements;

9. For disgorgement through restitution of all ill-gotten and/or ill-gained profits, including unpaid wages and/or penalties to Plaintiff and/or the Class and/or Represented Employees, resulting from Defendants' unfair business practices pursuant to Business and Professions Code §§ 17200-05;

10. For an order by the Court requiring Defendants, and each of them, to show cause, if any they have, as to why to Plaintiff and/or the Class and/or Represented Employees should not have been be issued itemized wage statements as required by § 226 of the Labor Code, why it should not be required to pay Plaintiff minimum wages and overtime compensation under applicable state law;

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 255-5455

- 30 -

CLASS ACTION COMPLAINT

EXHIBIT 1
Page 33

11. For damages in an amount to be proven at trial;

12. For all remedies available to Plaintiff under the applicable Industrial Welfare Commission Order including but not limited to Wage Order Number 4-2001 and Labor Code 201, 202, 203, 204, 218.5, 218.6, 226, 226.3, 510, 558, 1174, 1194, 1194.2, 1197, 1198 and 2698, *et seq.* including an award of unpaid wages, attorneys' fees, costs, interest, liquidated damages, damages, penalties and waiting time penalties according to proof to the extent permitted by law;

13. For maximum civil penalties available under the Labor Code and applicable Wage Order as described more particularly in this Complaint, representative PAGA claims including the payment of wages as set forth in Labor Code § 558;

14. For Labor Code § 226(e) penalties in the amount of $4,000.00;

15. For Labor Code § 203 penalties in an amount to be proven at trial;

16. For special and general damages;

17. That Plaintiff and/or the Class and/or Represented Employees be awarded reasonable attorneys' fees where available by law, including but not limited to pursuant to Labor Code §§ 2698, *et seq.*, Code of Civil Procedure § 1021.5, and/or other applicable laws; and

18. Such other and further relief as this Court may deem proper and just.

Dated: June 27, 2013

Law Offices of
Thomas D. Rutledge

By: _____
Thomas D. Rutledge
Attorneys for Plaintiff

Thomas D. Rutledge
Attorney-at-Law
3555 Fifth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

- 31 -
CLASS ACTION COMPLAINT

EXHIBIT 1
Page 34